# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2021

Lyle W. Cayce
Clerk

No. 19-60531
Summary Calendar

---

Ibisaias I. Rojas Alameda,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 340 756

---

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Ibisaias I. Rojas Alameda, a native and citizen of Mexico, petitions us for review of a decision of the Board of Immigration Appeals upholding the denial of his asylum claims. Rojas Alameda testified that he was kidnapped and beaten because of the criminal activities of his uncle. The Immigration

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60531

Judge held that Rojas Alameda was persecuted but could not show a nexus between potential membership in a particular social group. The Immigration Judge further found that Rojas Alameda could not prove relocation within Mexico would be unreasonable. Withholding of Removal was denied because it has a higher standard than asylum, and protection under the Convention Against Torture was denied because Rojas Alameda could not show that he would more likely than not be tortured. We review decisions of an Immigration Judge for substantial evidence, only reversing when the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

We are not compelled to find that Rojas Alameda has proven each of the elements of his past persecution asylum claim. The second asylum element is that particular social group membership "was or will be at least one central reason for persecuting the applicant." 8 C.F.R. § 1158(b)(1)(B)(i); *see Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016). The Immigration Judge's ruling that the reason for Rojas Alameda's persecution was criminal activity is supported by the record and our caselaw. *Vasquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021) *petition for cert. filed* (U.S. Oct. 27, 2021) (No. 21-632); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). Analysis of the other elements of this claim is unnecessary. *INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

We are not compelled to find that Rojas Alameda has proven a fear of future persecution asylum claim. First, his argument that he is entitled to a presumption of future persecution is incorrect because all the past persecution elements were not first established. Second, the record supports the finding that the motivations of Rojas Alameda's kidnappers were personal and criminal in nature. *See Ramirez-Mejia*, 794 F.3d at 493.

No. 19-60531

We are not compelled to find that Rojas Alameda has proven the elements of a Convention Against Torture claim. First, he argues that the Immigration Judge did not consider evidence of his kidnapping as past torture, but the opinion states this incident was not past torture. Second, he asserts he could not relocate to avoid torture because his family members were kidnapped after the same period of time. The Immigration Judge held that this second kidnapping did not involve Rojas Alameda or indicate that he remained in danger and this is a reasonable reading of the evidence. Third, some evidence appears to show widespread human rights violations or a willful blindness to torture on the part of the Mexican government, but general conditions of violence do not establish that a specific applicant will be tortured. *See Chen v. Gonzales*, 470 F.3d 1131, 1141-42 (5th Cir. 2006).

PETITION DENIED.